SO ORDERED.

SIGNED this 21st day of July, 2015.





Robert E. Nugent
United States Chief Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DYNAMIC DRYWALL, INC. | ) | Case No. 14-11131 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DYNAMIC DRYWALL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 15-5005 |
| | ) | |
| MCPHERSON CONTRACTORS, INC. | ) | |
| and FIDELITY AND DEPOSIT | ) | |
| COMPANY OF MARYLAND, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO
<u>WITHDRAW THE REFERENCE TO BANKRUPTCY COURT</u>**

1

Defendants McPherson Contractors, Inc. (McPherson) and Fidelity and Deposit Company of Maryland (F&D) move to withdraw the reference for cause as to Dynamic Drywall, Inc.'s (DDI) adversary proceeding against them in which DDI seeks damages for breach of a construction subcontract against McPherson, payment from F&D as surety under a Kansas statutory payment bond, and damages in an amount equal to the value of miscellaneous construction equipment allegedly converted by McPherson.[1] Since the Supreme Court's 1982 pronouncement in *Marathon*[2] the constitutional limits of a bankruptcy court's jurisdiction to finally decide non-core state law claims have been defined and restricted. DDI's causes of action are legal, not equitable, non-core claims within the meaning of 28 U.S.C. § 157(b). They are state law claims that are not amenable to resolution in the bankruptcy claims allowance process and do not implicate public rights. Under the District Court's local rules, defendants impliedly consented to the bankruptcy court's hearing and determining those claims by failing to file a motion to withdraw the reference within 20 days of service of the complaint.[3] But, because both defendants have demanded a trial by jury and neither has expressly consented to the bankruptcy

---

[1] The plaintiff appears by Jeffrey A. Deines of Lentz Clark Deines, P.A., Overland Park, Kansas, who entered his appearance on June 26, 2015. Plaintiff's previous counsel Mark J. Lazzo of Wichita, Kansas and Ron D. Beal of Lenexa, Kansas have filed a motion to withdraw in the bankruptcy case but seek withdrawal in both the bankruptcy case and all pending adversary proceedings. That motion is pending. Both defendants appear by their counsel Randall J. Forbes of Frieden, Unrein & Forbes, LLP, Topeka, Kansas.
[2] *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1982)
[3] *See* D. Kan. Rule 83.8.6(b)(2) and (5).

2

court conducting that trial, the bankruptcy court cannot do so.[4] The unequivocal provisions of 28 U.S.C. § 157(e) entitle the defendants to have that trial conducted by a life-tenured District Judge.[5] I therefore recommend that the District Court withdraw the reference of this adversary proceeding for cause as set forth in the following Report and Recommendation pursuant to D. Kan. Rule 83.8.6(c).[6] Because this action is in its early stages, and because no part of it implicates Title 11 or the native expertise of the bankruptcy court, I further suggest that all discovery and pretrial proceedings be conducted in the District Court. That said, I stand ready to assist the District Court as it deems appropriate.

Nature of Adversary Proceeding

McPherson was the general contractor on a school renovation project for the Blue Valley School District in Johnson County, Kansas. McPherson, as the principal, and F&D, as the surety, executed a statutory payment bond on the project under KAN. STAT. ANN. § 60-1110 (2005).[7] On June 14, 2013, DDI entered into a subcontract with McPherson to provide labor and materials for the drywall and ceiling components of the project for the contract sum of $707,510.[8] The subcontract provided for an April 11, 2014 project completion date. McPherson has its office in Topeka and DDI is located in Wichita.

---

[4] *See* 28 U.S.C. § 157(e); D. Kan. Rule 83.8.13(a).
[5] U.S. CONST., Art. III, § 1.
[6] A copy of the defendants' motion, Adv. Dkt. 38, and the adversary complaint, Adv. Dkt. 1, are provided with this Report and Recommendation for the District Court's convenience and as provided by D. Kan. Rule 83.8.6(c).
[7] The bond is referenced in and attached as Exhibit B to DDI's adversary complaint.
[8] The subcontract agreement is referenced in and attached as Exhibit A to DDI's complaint.

**3**

On May 21, 2014, DDI filed a chapter 11 petition here and remains a debtor-in-possession. In DDI's list of assets filed in the bankruptcy (Schedule B), it scheduled accounts receivable in excess of $3.5 million, comprising nearly all of DDI's assets and including a sizeable receivable allegedly owed by McPherson.[9] On January 9, 2015, DDI filed this adversary proceeding against McPherson and F&D regarding nonpayment under the subcontract. Neither McPherson nor F&D is a creditor in DDI's bankruptcy case. Neither has filed a proof of claim or otherwise submitted themselves to the jurisdiction of this Court. This adversary proceeding is in the early stages of discovery, the scheduling order having just been entered in June of 2015.[10] The discovery, dispositive motion, and pretrial order deadlines do not mature until the latter part of 2015.

DDI asserts three causes of action.[11] Against the bond surety F&D it alleges that as an intended beneficiary it is entitled to recover under the Kansas statutory payment bond its unpaid materials and labor of $519,144.19 provided on the project. Against McPherson, DDI seeks damages of $519,144.19 for breach of the subcontract by failing to pay for labor and materials provided. Finally, DDI seeks damages of $98,873.12 for McPherson's alleged conversion of miscellaneous equipment belonging to DDI, measured by the value of the equipment at the time of conversion.[12] Defendants filed answers to the complaint, admitting execution of the subcontract and payment bond, but otherwise denying the claims and disputing liability to DDI;

---

[9] *See* No. 14-11131, Dkt. 26 and 26-3.
[10] Adv. Dkt. 44.
[11] Adv. Dkt. 1.
[12] Adv. Dkt. 1, Ex. C. DDI does not seek replevin of the equipment.

4

defendants made demand for a jury trial on all of the claims.[13]

On April 30, 2015, I conducted a Fed. R. Civ. P. 26(f) scheduling conference. At that time, I granted the defendants until May 21, 2015 to file their motion to withdraw the reference and, on that date, they filed this motion under 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011, and D. Kan. Rule 83.8.6(a)(6).[14] They claim that all of DDI's claims are state law legal claims subject to trial by jury, which they have timely demanded. The defendants expressly withheld their consent to that trial being conducted by a bankruptcy judge and they argue that without that consent, the bankruptcy judge may not conduct the jury trial, nor can he or she enter a final order or judgment in the adversary proceeding.

DDI first argues that the bankruptcy court can exercise related to jurisdiction over non-core claims and still make proposed findings of fact and conclusions of law to the District Court. Second, while it admits that DDI's claims for breach of contract and payment on the bond are non-core, it argues that its third cause of action for damages for conversion is core because it is the same as a motion for turnover of property of the estate under § 542. It suggests that the bankruptcy court should retain jurisdiction over the "turnover" claim because DDI is not entitled to a jury trial on this claim. Third, it asserts that a demand for jury trial does not constitute "cause" for withdrawal of the reference if the case is unlikely to reach trial, the case will require protracted discovery with court oversight, and the bankruptcy court is familiar with the issues presented. Finally, DDI argues that even if the jury trial

---

[13] Adv. Dkt. 24, 26.
[14] Adv. Dkt. 38.

**5**

demand is cause for withdrawal of the reference, the District Court should refrain from immediately withdrawing the reference and leave the adversary proceeding here until pretrial proceedings are completed and the case is ready to proceed to trial. None of these arguments persuades.

Analysis

D. Kan. Rule 83.8.6(b)(2) requires that a defendant seeking to withdraw the reference file a motion to do so within 20 days of being served with the complaint. Subpart (b)(5) of that rule holds that if a party fails to do that, it is deemed to have consented to the bankruptcy judge's entering final judgment in the matter. Here, the defendants did not file their motion until well after that time, although they did timely demand a trial by jury in their answers in accord with Fed. R. Civ. P. 38(b).[15] But they did file the motion within the time set by the Court at the scheduling conference. And, even if the defendants could be deemed to have consented to my entering final judgment in this case, they have clearly and unequivocally withheld their consent to my conducting a jury trial.[16] Under 28 U.S.C. § 157(e), that refusal to consent is enough reason to withdraw the reference.

---

[15] The defendants' non-compliance with the D. Kan. Rule 83.8.6(b)(2) time limits should be excused. The plaintiff was timely alerted to defendants' jury trial demands contained in their answers in compliance with Fed. R. Civ. P. 38(b) and Fed. R. Bankr. P. 9015 (making Rule 38 applicable in bankruptcy) and the defendants did not file a written consent to a bankruptcy court jury trial per D. Kan. Rule 83.8.13(b). *See Stainer v. Latimer (In re Latimer),* 918 F.2d 136 (10th Cir. 1990) and *Redmond v. Hassan, et al (In re Hassan),* 375 B.R. 637 (Bankr. D. Kan. 2006). Note also that D. Kan. Rule 83.8.7 authorizes the bankruptcy court to recommend withdrawal of the reference *sua sponte.* Fed. R. Civ. Rule 39(b) (incorporated by Fed. R. Bankr. P. 9015) allows the bankruptcy court to order a jury trial on any issue for which a jury trial demand may be made. In short, DDI suffered no prejudice and did not raise either the timeliness of the motion to withdraw the reference or the "completeness" of the jury trial demand discussed in *Latimer* and *Hassan.*
[16] *See* Adv. Dkt. 38, p. 3.

28 U.S.C. § 157(d) does not specify what constitutes cause for withdrawal of the reference. In determining whether cause is shown, the Court considers whether the claims asserted are core or non-core, whether the bankruptcy court can constitutionally finally adjudicate the non-core claims, whether there is a right to and timely demand for jury trial of the claims, and whether there is mutual consent for the bankruptcy court to conduct the jury trial.[17] Because I conclude that I cannot constitutionally finally adjudicate DDI's claims or conduct a jury trial on the adversary complaint without defendants' consent, cause exists to withdraw the reference.

### I. All of DDI's Claims are Non-Core State Law Claims.

A proceeding is core if it has no existence outside of bankruptcy. A proceeding is non-core if it does not invoke any substantive right under federal bankruptcy law and in the absence of bankruptcy, could have been brought in a District Court or state court.[18] Here, DDI clearly alleges a breach of contract against McPherson for nonpayment under the subcontract and for payment or recovery of the unpaid sum against F&D under the statutory payment bond executed under Kansas law, § 60-1110. Both are state law contract claims that do not depend on the bankruptcy laws for their existence and are civil proceedings that can be brought in state court in the

---

[17] *See Manley Truck Line, Inc. v. Mercantile Bank of Kan. City,* 106 B.R. 696, 697 (D. Kan. 1989) (demand for jury trial is factor for determining "cause" for withdrawal of reference); *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty),* 190 B.R. 653, 655 (D. Kan. 1995) (sufficient cause for withdrawal of reference where adversary proceeding concerns matters for which there is a right to a jury trial, a timely demand, and no mutual consent to trial before the bankruptcy court).

[18] *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990), citing *In re Colorado Energy Supply, Inc.,* 728 F.2d 1283, 1286 (10th Cir. 1984).

7

absence of bankruptcy. DDI rightly concedes both of these claims are non-core.[19] Even if DDI's claims are viewed as collection actions on accounts receivable, they are still "straightforward *Marathon*-type contract actions" and non-core.[20]

Indeed, this adversary is analogous to the situation presented to the Supreme Court in its landmark *Marathon* decision. There the Supreme Court held that the Bankruptcy Reform Act of 1978 unconstitutionally conferred jurisdiction over state law contract claims brought by the chapter 11 debtor against an entity that was not otherwise part of the bankruptcy proceedings, to bankruptcy judges in violation of Article III.[21] The "fix" to this unconstitutional delegation of judicial power to non-Article III bankruptcy judges was the enactment of 28 U.S.C. § 157. Section 157(c) now limits a bankruptcy court's power to finally adjudicate non-core proceedings. It has two options: (1) it may submit proposed findings of fact and conclusions of law to

---

[19] *See In re Castlerock Properties,* 781 F.2d 159 (9th Cir. 1986) (state law contract claims are not core proceedings); *In re Lacy,* 183 B.R. 890 (Bankr. D. Colo. 1995) (damages for breach of contract against FDIC was not core proceeding); *In re Commercial Financial Services, Inc.,* 251 B.R. 397 (Bankr. N.D. Okla. 2000) (ordinarily, state law breach of contract asserted by debtor against a defendant who has not filed a claim against the estate does not fall within the "core" jurisdiction of the bankruptcy court); *In re McCrary & Dunlap Construction Co.,* 256 B.R. 264 (Bankr. M.D. Tenn. 2000) (debtor-subcontractor's claim for payment against general contractor on project, which had not filed proof of claim and was stranger to bankruptcy proceeding was non-core proceeding).

[20] *See United Methodist Youthville, Inc. v. Lutheran Social Services (In re United Methodist Youthville, Inc.),* 289 B.R. 754, 758 (Bankr. D. Kan. 2003) and cases cited therein at 757, n. 15; *In re P&P Oilfield Equip., Inc.,* 71 B.R. 621 (Bankr. D. Colo. 1987) (collection of debtor's accounts receivable is pure state law action and is not core proceeding); *In re McCrary & Dunlap Construction Co., supra* (debtor-subcontractor's "accounts receivable" claim against general contractor on project was non-core proceeding).

[21] *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1982). The Supreme Court also concluded that non-Article III bankruptcy courts could not finally adjudicate private, state law rights. *See also Granfinanciera, S.A., et al. v. Nordberg,* 492 U.S. 33 (1989) (trustee's action to recover fraudulent monetary transfers from defendants who had not submitted claim against bankruptcy estate was a private right, not a public right).

8

the District Court but the proceeding is subject to *de novo* review by the District Court;[22] or (2) the bankruptcy court can finally determine non-core proceedings with the consent of all the parties.[23]

With respect to the third cause of action alleged in the complaint against McPherson, DDI seeks damages measured by the value of equipment that McPherson allegedly converted. This is not a core claim either. Rather it is a state law conversion claim that exists outside of bankruptcy. In its response, DDI attempts to re-characterize this cause of action as a demand for turnover of property of the estate under 11 U.S.C. § 542. That would arguably bring it within one of the categories of core proceedings.[24] But, DDI did not specifically seek "turnover" under § 542. Nor did it seek possession, recovery or replevin of the equipment that McPherson is alleged to have wrongfully seized.[25] All it seeks are conversion damages, a remedy that would not be available on a turnover motion or complaint under § 542. DDI's third cause of action is based upon the theory of conversion under state law and is not a core proceeding.[26]

---

[22] 28 U.S.C. § 157(c)(1).
[23] 28 U.S.C. § 157(c)(2).
[24] *See* 28 U.S.C. § 157(b)(2)(E).
[25] *In re World Financial Services Center, Inc.,* 64 B.R. 980, 986 (Bankr. S.D. Cal. 1986) (bankruptcy court is required to look behind the characterization of a claim as turnover proceeding to determine whether in fact a turnover proceeding is warranted; party's characterization of claim is not dispositive).
[26] *In re 610 W. 142 Owners Corp.,* 219 B.R. 363, 371 (Bankr. S.D. N.Y. 1998) (conversion constituted noncore, "related to" cause of action); *In re Gregory Rock House Ranch, LLC,* 339 B.R. 249, 253 (Bankr. D. N.M. 2006) (trespass and conversion action did not invoke any substantive rights created by the Bankruptcy Code and was not within core jurisdiction of bankruptcy court); *In re A-1 Plank & Scaffold Mfg., Inc.,* 451 B.R. 135 (Bankr. D. Kan. 2011) (patent misuse and conversion claims asserted by purchaser of chapter 11 debtor's assets were not within bankruptcy court's core jurisdiction).

9

Finding that DDI's claims are non-core is a factor that strongly favors withdrawal of the reference. Had the parties not sought a jury trial, this Court could arguably have exercised limited jurisdiction over DDI's complaint as set forth in 28 U.S.C. § 157(c)(1). The defendants' jury trial demand forecloses that option in the absence of the defendants consenting to this Court hearing the case.

**II.     Defendants have a Right to Jury Trial on All of DDI's Claims.**

The Seventh Amendment to the United States Constitution preserves the right to trial by jury in suits at common law, meaning "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered."[27] The legal cause of action must involve private rights, rather than public rights, to be entitled to a jury trial.[28] *Granfinanciera* instructs that in deciding whether a jury trial right attaches I should determine whether, when the Seventh Amendment was adopted, the cause of action would have been considered to be legal, rather than equitable, and whether the remedy sought is legal (*i.e.* money damages), rather than equitable.[29] The latter inquiry -- whether the remedy sought is legal or equitable in nature, is more important.[30]

There is little doubt that contract actions seeking damages or monetary relief

---

[27] *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41 (1989). In addition to the constitutional protection, Fed. R. Bankr. P. 9015(a) incorporates Fed. R. Civ. P. 38(a), which also preserves the right to a jury trial in a civil case.
[28] *Id.* at 51-52
[29] *Id.* at 42, citing *Tull v. United States,* 481 U.S. 412 (1987).
[30] *Id.* at 42.

**10**

are legal causes of action for which there is a right to a jury trial.[31] DDI's claim for damages for breach of the construction subcontract and its action to recover payment from the statutory payment bond are legal in nature and involve private rights between the parties. Likewise, a claim for money damages for conversion of personal property is an action at law for which defendants have a right to jury trial.[32]

I conclude that these defendants are strangers to DDI's bankruptcy case who are entitled to a jury trial on all of DDI's state law legal claims in this proceeding.

### III. The Right to and Timely Demand for a Jury Trial Constitute Cause for Withdrawal of the Reference where Defendants' Do Not Consent to a Jury Trial before the Bankruptcy Court.

The right to a jury trial in bankruptcy proceedings in this Circuit and District merits a brief review of Tenth Circuit case law, federal statutes, and local rules. In 1990, the Tenth Circuit Court of Appeals held that bankruptcy judges lacked authority to conduct jury trials.[33] Later that same year it decided *In re Latimer*, holding that a demand for a jury trial in proceedings brought in a bankruptcy court must be combined with a request for transfer to the District Court or the right to jury trial could be deemed waived.[34]

---

[31] *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 476 (1962); *Beard v. Braunstein,* 914 F.2d 434, 438 (3rd Cir. 1990); *In re American Community Services, Inc.,* 86 B.R. 681 (D. Utah 1988).
[32] *See Whitehead v. Shattuck,* 138 U.S. 146, 151 (1891); *Ross v. Bernhard,* 396 U.S. 531, 533 (1970); *In re Quarles,* 294 B.R. 729, 731 (Bankr. E.D. Ark. 2003); *Matter of Reda, Inc.,* 60 B.R. 178, 182 (Bankr. N.D. Ill. 1986).
[33] *Kaiser Steel Corporation v. Frates (In re Kaiser Steel Corp.),* 911 F.2d 380, 389-92 (10th Cir. 1990) (ruling that the Bankruptcy Amendments and Federal Judgeships Act of 1984 that revised the bankruptcy jurisdiction scheme in response to *Marathon*, did not authorize bankruptcy judges to conduct jury trials), *overruled in part on other grounds Connecticut National Bank v. Germain,* 503 U.S. 249 (1992).
[34] *Stainer v. Latimer (In re Latimer),* 918 F.2d 136, 137 (10th Cir. 1990).

11

Consistent with the "*Marathon* fix" in § 157(c), D. Kan. Rule 83.8.5 clarifies the District Court's general reference to bankruptcy judges and their authority to adjudicate non-core proceedings. Rule 83.8.5(c) provides:

> If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this Rule, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the constitution.

In 1994, Congress amended 28 U.S.C. § 157 by adding subsection (e) and making clear that a bankruptcy judge may conduct a jury trial. This subsection provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial *if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.*[35]

By local rule in this District, a bankruptcy judge may conduct a jury trial in bankruptcy proceedings if the party has a right to a jury trial, a timely demand has been made, and the parties have filed a statement of consent, jointly or separately, to a jury trial before a bankruptcy judge.[36]

---

[35] 28 U.S.C. § 157(e). Emphasis added. *See also* Fed. R. Bankr. P. 9015(b).
[36] D. Kan. Rule 83.8.13 (as amended Feb. 10, 1995).

**12**

Case 15-05005    Doc# 51    Filed 07/21/15    Page 12 of 14

There is no question that these defendants are entitled to a jury trial on these causes of action. Both made timely jury trial demands in their answers to DDI's complaint.[37] Likewise, there is no question that both are entitled to have that trial conducted in the district court because neither has filed a statement of consent to have a bankruptcy judge conduct a jury trial in this matter. Such consent is required by § 157(e) and D. Kan. Rule 83.8.13(b). Defendants expressly withheld such consent in their motion to withdraw the reference.[38] Without it, a District Judge must conduct the jury trial.[39] In addition, neither defendant has consented to the bankruptcy judge's entry of a final order or judgment on these non-core state law claims as required by § 157(c)(2).[40] The bankruptcy judge may not constitutionally enter a final order or judgment in this non-core state law proceeding under *Marathon,* § 157(c), and Rule 83.8.5.[41]

As its last plea, DDI suggests that withdrawal of the reference should not be addressed until the bankruptcy court has completed the discovery and pretrial

---

[37] Adv. Dkt. 24, p. 4; Adv. Dkt. 26, p. 4. *See also* Fed. R. Civ. P. 38(b).
[38] Adv. Dkt. 38, p. 3.
[39] D. Kan. Rule 83.8.13(a). *See Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty),* 190 B.R. 653, 655 (D. Kan. 1995) (Cause for withdrawal of reference exists where the proceeding involves claims for which there is a right to a jury trial, a timely demand for jury trial has been made, and there is no mutual consent to a jury trial before the bankruptcy court).
[40] Adv. Dkt. 24, p. 1; Adv. Dkt. 26, p. 1.
[41] Nor can this Court constitutionally enter a final order or judgment under the Supreme Court's more recent pronouncement on bankruptcy jurisdiction in *Stern v. Marshall,* __ U.S. __, 131 S. Ct. 2594 (2011). *See Loveridge v. Hall, et al (In re Renew able Energy Development Corp.),* ___ F. 3d ___, 2015 WL 4153631 (10th Cir. July 10, 2015) (Gorsuch, J.) (Applying *Stern,* the Circuit Court held that plaintiff's state law legal malpractice and breach of fiduciary duty claims could not be finally determined by the bankruptcy court without the parties consent because the plaintiff's state law claims were not amenable to resolution in the bankruptcy claims allowance process nor implicated public rights).

**13**

process. Because the adversary proceeding is in the early stages of discovery, the bankruptcy court has acquired very little knowledge of the substance of the matter. I recommend that that the District Court immediately withdraw the reference so that discovery and pretrial proceedings can all be conducted "under one roof." DDI's claims are pure construction contract and tort disputes; they require none of the special expertise the bankruptcy court supplies. Retaining the proceeding through dispositive motions here would add an unnecessary and duplicative layer to the proceedings because any ruling I might make is subject to *de novo* review by the District Court. The just, speedy, and inexpensive resolution of these disputes will be better achieved in the District Court.[42]

I recommend that the District Court withdraw the reference for cause and that this adversary proceeding be immediately transferred to the District Court for all future proceedings, including a jury trial.

###

---

[42] As always, this Court is happy to accommodate the District Court's wishes as to presiding over pretrial proceedings if the District Court is so inclined.